HYLAND and another, Appellants, vs. BOHN MANUFACTURING COMPANY, Respondent.

*November 26 — December 17, 1895.*

*Sale: Title retained as security: Remedies: Judgment.*

Vendors of logs, who retained title thereto and to the lumber made therefrom as security for the purchase money, are entitled to judgment in an action upon a note given for the purchase money,

although they have already, in an action of replevin for the lumber, had judgment for the full amount of their special interest therein.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge.  *Reversed.* .

The cause was submitted for the appellants on the brief of *Tomkins & Merrill,* and for the respondent on a brief signed by *J. J. Miles, Harris Richardson,* and *Warner, Richardson & Lawrence.*

Counsel for the respondent contended, *inter alia,* that by bringing the actions in replevin and the suit on the note at the same time, the plaintiffs were seeking to adopt inconsistent remedies, as, under all the authorities, they could not rescind the contract, take the property, and also collect the notes.  *Montelius v. Wood,* 56 Iowa, 254; *Bensinger S. A. C. R. Co. v. Cain,* 4 Tex. App. Civ. Cas. 499; *Warren v. Landry,* 74 Wis. 144; *Nield v. Burton,* 49 Mich. 53; *Crompton v. Beach,* 62 Conn. 25; *Baker v. Bishop Hill Colony,* 45 Ill. 264.

WINSLOW, J.  Plaintiffs sold logs to the defendant, and retained the title to the logs and the lumber manufactured therefrom as security for the purchase money.  Upon default in payment of several notes given for the purchase money, they replevied a large quantity of the lumber, and also brought this action to recover upon one of the notes. The replevin actions are the cases of *Hyland v. Bohn Mfg. Co,* 92 Wis. —— and —— (decided at the present term).[1]  It appearing on the trial of this action that the plaintiffs had recovered in the replevin actions the full amount of their special interest in the lumber, judgment for the defendant was rendered in this action for that reason.  This was erro-

[1] These cases were not finally determined until the denial of motions for rehearing on January 28, 1896, and they are reported as of that date.

— REP.

Tucker and another vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

neous. The plaintiffs' interest in the logs was by way of security for their debt. The principle is well established that the holder of securities may pursue his remedy upon his securities and his remedy at law upon his debt at the same time. He may thus obtain two judgments, but can have but one satisfaction. Jones, Chattel Mortg. (4th ed.), § 758.

*By the Court.*— Judgment reversed, and action remanded for a new trial.

