PHŒNIX MANUFACTURING COMPANY, Appellant, vs. McCOR-MICK HARVESTING MACHINE COMPANY, imp., Respondent.

*September 27 — October 15, 1901.*

*Mechanics' liens: Waiver: Intent: Chattel mortgages.*

1. Sec. 3317, Stats. 1898 (declaring that the taking of a promissory note or other evidence of indebtedness for work or materials shall not discharge the lien therefor unless expressly received as payment therefor and so specified therein), does not change the common-law rule that the taking of independent security is a waiver of the lien if the parties so intended.

2. Where machinery is sold for the purpose of annexation to real property, the intention to waive the right to a lien on the realty is not to be inferred from the mere fact that, before the annexation, the vendor takes a chattel mortgage on the machinery as security for its purchase price.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Reversed.*

Between December 29, 1899, and March 7, 1900, the plaintiff furnished to the defendant Barnhart machinery consisting of boiler, engine, sawmill machinery, etc., to be wrought into a sawmill to be built by said Barnhart upon certain real estate held by him under land contract from the defendant Matthes, amounting in all to $470.03. Of this $434.40 were delivered on December 29th, the remainder on and subsequent to January 17, 1900. On January 12th Barnhart executed a chattel mortgage upon "all that certain personal property, to wit," the description including the property thus sold by the plaintiff and other chattels, with the statement, "All clear, except $234, given to *Phœnix Manufacturing Company*, Eau Claire, Wis., for purchase price." On January 17th Barnhart executed to the plaintiff a chattel mortgage for $225 (the unpaid balance) upon "the following described goods, chattels, and personal property, to wit," describing specific articles theretofore received from

plaintiff, securing a note for $225, due May 17, 1900. On June 2, 1900, plaintiff duly filed his claim for lien for the balance then due, consisting of the $225 balance due January 17th and $35.63 thereafter charged. Barnhart and Matthes interposed no defense. The defendant *McCormick Harvesting Machine Company* set up the receipt of the note and chattel mortgage of January 17th both as payment and as waiver of the right to mechanic's lien. The court made no finding of fact as to the intent with which the note and. mortgage were received, but found as a conclusion of law that it had the effect to waive the right to lien for the indebtedness thereby evidenced and secured, and therefore denied lien for $225 of the claim, and awarded judgment of lien for the balance of $35.63. From this judgment the plaintiff appeals.

For the appellant there was a brief by *Teall & Thomas*, and oral argument by *De Alton S. Thomas*. They argued, among other things, that the plaintiff, by taking the note and chattel mortgage, did not waive its right to a mechanic's lien. *Mervin v. Sherman*, 9 Iowa, 331; *Gilcrest v. Gottschalk*, 39 Iowa, 311; *Peninsular G. E. Co. v. Norris*, 100 Mich. 496; Powell, Mortgages, 1062b; Phillips, Mechanics' Liens, §§ 272–276, 279; *Peck v. Bridwell*, 10 Mo. App. 524; *Union Stock Yards S. Bank v. Baker*, 42 Neb. 880; *Chapman v. Brewer*, 43 Neb. 890; Jones, Liens, § 1013; *Payne v. Wilson*, 74 N. Y. 348; *Howe v. Kindred*, 42 Minn. 433; *Charles Bechter Co. v. Cleveland*, 13 S. Dak. 347; *Chicago B. & M. Co. v. Talbotton C. & M. Co.* 106 Ga. 84; *Southern B. & L. Asso. v. Bean*, 49 S. W. Rep. 910; *Farmers' & M. Nat. Bank v. Taylor*, 40 S. W. Rep. 876; *Atlantic T. Co. v. Carbondale C. Co.* 99 Iowa, 234; *Case Mfg. Co. v. Smith*, 5 L. R. A. 231; *Maryland B. Co. v. Spilman*, 17 L. R. A. 601; *Chicago & A. R. Co. v. Union R. M. Co.* 109 U. S. 719; *McKeen v. Haseltine*, 46 Minn. 426; *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb. 207; *Kilpatrick v. K. C. & B. R. Co.*

38 Neb. 620; *Kirkwood v. Howie*, 95 Mich. 62; *Allis v. Meadow Spring D. Co.* 67 Wis. 16; *Edward P. Allis Co. v. Madison E. L., H. & P. Co.* 9 S. Dak. 459; 3 Am. & Eng. Ency. of Law (1st ed.), 310, 311.

*Arthur H. Shoemaker*, for the respondent, contended, *inter alia*, that the taking of a mortgage as security is a waiver of the statutory lien, since it shows an intention to abandon the statutory lien and substitute in its place one of a higher nature. This is upon the ground that the two liens are inconsistent, rather than upon the ground of merger. Waiver of a statutory lien will result by implication from the acceptance of additional security. Kneeland, Mechanics' Liens, §§ 139, 139a; Phillips, Mechanics' Liens, § 280; *Gorman v. Sagner*, 22 Mo. 137; *Grant v. Strong*, 18 Wall. 623; *Trullinger v. Kofoed*, 7 Oreg. 228; 2 Jones, Liens, §§ 1519, 1524; Houck, Liens, 202, 208; *Taylor v. B., C. R. & M. R. Co.* 4 Dill. 570; *Central T. Co. v. R., N., I. & B. R. Co.* 31 U. S. App. 675; *Barrows v. Baughman*, 9 Mich. 213. The lien of a vendor of real estate is waived by taking a distinct collateral security. *Gilman v. Brown*, 1 Mason, 212; *Brown v. Gilman*, 4 Wheat. 255; *Fish v. Howland*, 1 Paige, 20; 4 Kent, Comm. 153; *Boon v. Murphy*, 6 Blackf. 272; *Dibblee v. Mitchell*, 15 Ind. 435; *Mayham v. Coombs*, 14 Ohio, 428; *Hunt v. Waterman*, 12 Cal. 301; *Camden v. Vail*, 23 Cal. 634; *Griffin v. Blanchar*, 17 Cal. 70; *Way v. Patty*, 1 Ind. 102; *Wilson v. Graham's Ex'r*, 5 Munf. 297; *Bradford v. Marvin*, 2 Fla. 463; *Williams v. Roberts*, 5 Ohio, 35; *Johnson v. Thompson*, 4 J. J. Marsh. 380; *Trustees v. Wright*, 11 Ill. 603; *Johnson v. Sugg*, 13 Sm. & M. 346; *Palmer's Appeal*, 1 Doug. (Mich.), 422; *Sears v. Smith*, 2 Mich. 244; *Baum v. Grigsby*, 21 Cal. 172; *White v. Dougherty*, Mart. & Y. 309; *Francis v. Hazlerigg's Ex'r*, Hard. 48; *Ducker v. Gray*, 3 J. J. Marsh. 163; *Gann v. Chester*, 5 Yerg. 205; *Campbell v. Baldwin*, 2 Humph. 248; *Ross v. Whitson*, 6 Yerg. 50; *Phelps v. Conover*, 25 Ill. 309; *Selby v. Stanley*, 4 Minn. 65; *Buntin v. French*,

16 N. H. 592; *Parker Co. v. Sewell*, 24 Tex. 238. Taking a mortgage for unpaid purchase money of real estate is an abandonment of the vendor's equitable lien, and such abandonment once fairly and voluntarily made is an abandonment forever. *Mattix v. Weand*, 19 Ind. 151; *Harris v. Harlan*, 14 Ind. 439; *Richards v. McPherson*, 74 Ind. 158; *Camden v. Vail*, 23 Cal. 633; *Young v. Wood*, 11 B. Mon. 123; *Shelby v. Perrin*, 18 Tex. 515; *Little v. Brown*, 2 Leigh, 353; *Coit v. Fougera*, 36 Barb. 195; *Perry v. Grant*, 10 R. I. 334.

DODGE, J.    The single question raised upon this appeal is whether the plaintiff must, as matter of law, be held to have waived his right to a mechanic's lien upon the real estate into which was wrought the property sold by him for that purpose, by the act of taking for the purchase price thereof a promissory note and a chattel mortgage upon the specific chattels sold.

The preponderance of authority doubtless is to the effect that a mechanic's lien will be deemed waived either by taking therefor a promissory note maturing not until after the statutory time fixed for enforcing the lien, or by taking independent security. *Bailey v. Hull*, 11 Wis. 289; *Schmidt v. Gilson*, 14 Wis. 514; *De Forest v. Holum*, 38 Wis. 516, 524; Kneeland, Mechanics' Liens, § 138 *et seq.;* Jones, Liens, §§ 1013, 1519, *et seq.;* Phillips, Mechanics' Liens, §§ 273, 280. This rule has been modified by our statute, now sec. 3317, Stats. 1898, which denies any such effect to the taking of a note or other evidence of indebtedness.    This statute, however, does not change the common-law rule as to the effect of taking independent security; nor has this court yet had occasion to decide as to the effect of such act, save in the one respect hereafter to be mentioned.    The ultimate question is one of intent.    If the parties, by their transaction, intended a waiver of the lien, no doubt such result is ac-

·complished. If they intended that the lien should not be waived, but that the security should be taken merely as additional thereto, such intent will be given full effect by the courts. The significance, therefore, of such acts is evidentiary only. They may serve to warrant the inference of an intent to waive in the absence of other satisfactory evidence on the subject. *Farmers' & M. Nat. Bank v. Taylor* (Tex. Civ. App.), 40 S. W. Rep. 876; *S. C.* 91 Tex. 78; *McKeen v. Haseltine,* 46 Minn. 426; Kneeland, Mechanics' Liens, § 138; *De Forest v. Holum,* 38 Wis. 525.

It has been held by a very respectable array of authority — even by those courts which raise an implication of waiver from the taking of independent security, as also by our own — that a mere reservation of title by the vendor of personal property intended to be wrought into real estate as security for the payment of the purchase price does not raise any such implication for the reason that it is in no wise inconsistent with the intent to claim the statutory lien upon the real estate, so soon as the personal property sold shall have become so affixed thereto that the lien arises. Jones, Liens, § 1015; *Chicago & A. R. Co. v. Union R. M. Co.* 109 U. S. 702, 720; *Case Mfg. Co. v. Smith,* 40 Fed. Rep. 339; *Hooven O. & R. Co. v. Featherstone,* 99 Fed. Rep. 180; *Clark v. Moore,* 64 Ill. 273, 279; *Cooper v. Cleghorn,* 50 Wis. 113. An interval of more or less duration may, and usually does, exist between the time when the property is sold and the time when it so becomes affixed. During that interval the seller is subject to various perils, such as the sale to others by his vendee of the property, or the levy thereon by other creditors; and, while he may be entirely willing to extend credit upon the faith of the lien on real estate to which the annexation of the personal property will entitle him, he is not willing to rely solely upon the credit of the purchaser during that interval. Hence his act in holding the specific property sold

as security for its purchase price may be ascribed wholly to his anxiety in the latter respect. Indeed, the very act of taking such security upon the property as chattels would seem to repudiate the idea that he was willing to rely on the personal responsibility of the purchaser, and therefore indicates that he does not intend to forego his lien upon real estate after the chattels sold had been wrought into it and thereby lost their character as personal property, so that his chattel security thereon is or may be destroyed,— a result which may well come, notwithstanding any agreement he might have with the purchaser of the chattels. *Gunderson v. Swarthout*, 104 Wis. 186, 190; *Fuller-Warren Co. v. Harter*, 110 Wis. 80.

No valid distinction is, nor, as we think, can be, suggested between an agreement reserving title in the vendor as security and one reconveying that title to him for the same purpose, namely, a chattel mortgage. The same object is sought to be accomplished in both instances, and the same inference of intent may legitimately be drawn from each. We are convinced that no intent or purpose can be ascribed to plaintiff to forego his statutory lien on the real estate when his chattels became annexed thereto merely because he took security upon those chattels while they still had that character. That would be to predicate a purpose of confidence or negligence upon acts of suspicion and vigilance.

The circuit court erred in the conclusion of law that plaintiff had waived his right to mechanic's lien for any part of the purchase price of the machinery and materials furnished by him, and, as consequence, in denying him judgment of lien for the full amount found due, together with full costs as against the defendant *McCormick Harvesting Machine Company*. The amount of those costs can only be ascertained upon taxation in the circuit court, and for that

reason we cannot fully correct the errors committed by modification of the judgment here.

*By the Court.*— Judgment reversed, and cause remanded with directions to enter judgment for plaintiff for $269.33, with interest from March 7, 1900, and for mechanic's lien upon the premises described in the complaint, together with full costs.

