CARL MILLER LUMBER COMPANY, Respondent, vs. MEYER and others, Appellants.

*November 17, 1923—April 8, 1924.*

*Mechanics' liens: Waiver by agreement: Construction: Corporations: Contract executed in name of president: Purchasemoney mortgage: Priority as against liens: Evidence.*

1. Where the president of a lumber company owning two thirds of its stock entered into an agreement in his own name to finance the construction of houses for the defendant partnership, and the material was all furnished by the company and not by its president, the company by its acceptance of the agreement, acting on it, and bringing suit for the value of materials, adopted the agreement as its own and was bound thereby. p. 364.
2. A materialman may waive the right to file a mechanic's lien by express agreement; but when an agreement relied on as a waiver is ambiguous, the doubt should be resolved against the waiver. p. 365.
3. Such waiver may be implied from facts and the conduct or agreement of the parties which are inconsistent with the right to file a lien and which manifest an intention to waive the right. p. 365.

4. The contract between the company and the partnership, which contained. mutual covenants whereby the partners were bound to turn over deeds and land contracts for the benefit of the company, which supplied the lumber, such land contracts to be subject to a sixty per cent. mortgage on the property on which there should have been paid at least, twenty per cent. of the purchase price, does not operate as a waiver of the right to file a mechanic's lien for materials furnished in case of nonperformance by the partnership, since one who relies on a special agreement or promise to give security as a waiver of lien rights should show compliance on his own part with his agreement.   p. 367.
5. As against a mechanic's lien claimant who furnished materials for a building between September 9, 1920, and January 31, 1921, a mortgage dated May 6, 1921, will not, in the absence of proof and an appropriate recital in the mortgage, be presumed to have been given for the purchase price of the lot upon which the building was erected, where the deed to the lot was given in November, 1920, pursuant to a land contract executed in 1916.   p. 368.

APPEAL from a judgment of the circuit court for Milwaukee county: C. M. DAVISON, Judge. *Modified and affirmed.*

The *Carl Miller Lumber Company* is a corporation engaged in the wholesale and retail lumber business. Charles Miller was its president. He owned two thirds of its stock, and his wife one third less one qualifying share held by another party. Mr. Miller had practically the charge and direction of the business.

From the year 1915 to December 9, 1920, the Fehrer & Meyer Company was a copartnership. Mr. Fehrer died on the latter date devising all his property to his widow. The company was engaged in buying and selling real estate, dealing in mortgages, and in building operations.

In 1916 the partnership purchased from the Mariners on a land contract with deferred payments a tract of land including the lot in question. The land contract later became the property of the *Mariner Realty Company,* and on November 5, 1920, this company deeded this lot to Fehrer &

Meyer Company. On August 13, 1920, the following contract was made:

"Milwaukee, Wis., Aug. 13, 1920.

"Messrs. Joseph Fehrer and Frank Meyer,

"c/o Fehrer & Meyer Co., Milwaukee, Wis.

"Gentlemen: I hereby propose to finance for you the erection of ten (10) flats and ten (10) bungalows on Cramer street within the next few months in the following manner:

"You are to purchase from the *Carl Miller Lumber Company,* at present market prices, the material for these houses; you are to pay cash for the lots when the houses are ready to be mortgaged to the amount of about sixty per cent. (60 %) of the cost of the property; you are to sell these properties under land contracts and secure a payment down of at least twenty per cent. (20 %) of the value thereof, and turn over to me the land contract with a personal guarantee by you to the payment of the instalments of said land contracts and interest. You are to turn over with the land contract a warranty deed of said properties, with the understanding that when the land contract is paid I will convey back the property to you. The unpaid portions of the land contracts to run at six per cent. (6 %) interest until paid. You are to take care of the insurance, taxes, and the administration of the property until the land contracts are fully paid up.

"This proposition is based on the plan to use the proceeds of the mortgage $7,500 and the first payment of $2,500 for the liquidation of claims for the cost of the building and lot, and turn over the equities to me for the settlement of material furnished by the *Carl Miller Lumber Company.*

"It is understood that you are not to receive any payments for profits upon any of these properties until the *Carl Miller Lumber Company* is paid up in full, and that six per cent. interest is allowed for deferred payments for lumber, beginning sixty days after delivery of hardwood flooring, until final payment thereof.

"Yours very truly,             C. A. MILLER.

"Accepted by Fehrer & Meyer Co.

"Per Joseph Fehrer, Jr."

At this time the Fehrer & Meyer Company, with knowledge of plaintiff, contemplated building twenty houses. For

Carl·Miller Lumber Co. v. Meyer, 183 Wis. 360.

several years before the date of the above agreement the plaintiff had been selling to the partnership considerable amounts of lumber and had taken their notes which were renewed from time to time until paid, and at this time the plaintiff held such notes to the amount of about $25,000. These notes had been secured by land contracts and second and third mortgages.

Before the execution of this contract Charles Miller told F. J. Fehrer that notes would no longer be acceptable, but that arrangements would have to be made in advance as to payment for the material. All the lumber furnished by plaintiff for the building in question was furnished under the written contract. After the death of Joseph Fehrer, Jr., demand was made upon the plaintiff and Charles Miller to finance the completion of the houses according to the agreement. The demand was refused on the ground that the partnership had not complied with the agreement.

The copartnership proved unable to obtain funds to complete the construction of the house in question and others, and the plaintiff filed its claim for lien on July 31, 1921, and its affidavit for extension on January 31, 1922. The claim and the complaint were not based on the written agreement but upon *quantum meruit*.

*Frank J. Meyer,* individually and as surviving member of the partnership, in the answer relied upon the written agreement, claiming that lien rights had been waived thereby and that the plaintiff had failed to finance the partnership as agreed. Other defendants pleaded the same defense, and the *Mariner Realty Company* claimed priority, if any lien existed, by virtue of a mortgage.

Other facts will be stated in the opinion.

For the appellants there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Lawrence A. Olwell,* of counsel, for the *Cramer Realty Company* and *Mariner Realty Company,* and *Lawrence A. Olwell* and *Karbys & Kenney,* attorneys, and *George A. Gessner,* of counsel, for *Frank J. Meyer* in-

dividually and as sole surviving member of the copartnership of Fehrer & Meyer Company, all of Milwaukee; and the cause was argued orally by *Mr. Olwell.*

For the respondent there was a brief by *Connell & Weidner* of Milwaukee, and oral argument by *Adolph J. Weidner.*

The following opinion was filed January 15, 1924:

JONES, J.    It is argued by plaintiff's counsel that the terms of the agreement did not bind the plaintiff since it was made and signed in the name of Charles Miller. The material was all furnished by the plaintiff and not by Charles Miller, its president. We do not regard the form of the contract as conclusive. The plaintiff by its acceptance of the agreement, acting on it, and bringing the suit for the value of the materials, adopted the agreement as its own. We are convinced by the testimony that the president was acting as the agent of the company.

It is also contended by plaintiff's counsel that the contract was ambiguous, and that by the acts of the parties and their conduct it should be construed as merely a continuance of their former modes of dealing. In view of the conclusion we have reached it seems unnecessary to discuss this question.

It is one of the contentions of defendants' counsel that the contract was to finance the partnership in its building operations; that it was an agreement whereby funds were to be provided for the erection of the houses and a way of meeting the obligations to be incurred. We do not construe the agreement as one to finance the partnership except in the manner specifically provided therein, and it is unnecessary to repeat the manner in which the financing was to be effected.

It is the main contention of defendants' counsel that the contract operated as a present waiver on the part of the plaintiff of the right to file mechanics' liens; that there was a waiver by reason of the agreement to accept land con-

tracts and deeds of the property for which the materials were to be furnished; that it was an unrecorded agreement and made no provision that property sold to innocent purchasers should be liable for liens; that it could not be ascertained when the claim of plaintiff would become due, since the payments were to be deferred until the property was completed, mortgaged, and sold on land contract; that the material was not sold on the credit of the buildings but on the credit of a financing agreement and the money to be derived from the sale of the houses; that the plaintiff was to be paid only out of the net proceeds to be derived from the sale of the property to be improved.

On all these grounds it is insisted that the agreement is wholly inconsistent with any intention to rely on any mechanic's lien as a basis of credit.

There is no doubt that the plaintiff could have waived the right to file a lien by express agreement, although when an agreement relied on as a waiver is ambiguous the doubt should be resolved against the waiver. *Davis v. La Crosse H. Asso.* 121 Wis. 579, 99 N. W. 351.

It is also true that a waiver may be implied from facts and conduct or agreement of the parties which are inconsistent with the right to file a lien and which manifest an intention to waive the right. For example, this court has held that by accepting a mortgage and promissory note extending the time for payment of an indebtedness for the amount claimed as lien to a period beyond that which the statute prescribes for the commencement of an action to foreclose the lien and by including other indebtedness, the right to assert a lien under the statute is waived. *Miller-Piehl Co. v. Mullen,* 170 Wis. 378, 174 N. W. 542. This is based on the theory, not that the note is taken as payment, but on the ground that the note suspends the time of payment and the payee is estopped from asserting the lien in violation of his contract to extend the time of payment until the note matures.

But many of the decisions hold that the lien is not waived by merely taking a note and mortgage which are payable before the time fixed by statute for enforcing the lien. *Phœnix M. Co. v. McCormick H. M. Co.* 111 Wis. 570, 87 N. W. 458. See note, Ann. Cas. 1916D, p. 179.

By the Wisconsin statute it is provided that "the taking of a promissory note or other evidence of indebtedness for any such work, labor or materials done or furnished shall not discharge the lien therefor hereby given unless expressly received as payment therefor and so specified therein." Sec. 3317, Stats.

There is general agreement in the view that the question of waiver is one of intention of the parties, and that if it was the intention, to be gathered from all the facts, that the security is intended as merely additional, the lien is not waived.

The agreement here relied on as a waiver is so unusual that no authorities have been cited or found which seem directly in point on the question whether it was a waiver by operation of law. The proposition has been very ably argued by counsel for appellants, and there is so much force in the contention that if the agreement had been complied with by defendants we should be disposed to accept that view.

But it was a contract containing mutual covenants binding on both the parties. According to its terms defendants were bound to turn over deeds and land contracts for the benefit of the plaintiff; the land contracts were to be subject to a sixty per cent. mortgage on the property on which there should have been paid at least twenty per cent. of the purchase price.

By the undisputed testimony the two contracts tendered the plaintiff were not in compliance with either of these requisites. Moreover, there were outstanding liens held by other parties.

There has been great conflict in the decisions on the subject of waiver of mechanics' liens by taking security or by acts and agreements showing an intention .inconsistent with the right to file liens. But the authorities seem quite uniform on the proposition that where a party relies on a special agreement or promise to give security as a waiver of lien rights, he should show compliance on his own part with his agreement. The right given by statute to laborers and materialmen for their protection is highly favored by legislation and the courts, and ought not to be impaired by one who pleads an agreement with which he himself has failed or refused to comply. *McMurray v. Brown,* 91 U. S. 257; *Van Stone v. Stillwell & B. Mfg. Co.* 142 U. S. 128, 12 Sup. Ct. 181; *Baumhoff v. St. L. & K. R. Co.* 171 Mo. 120, 71 S. W. 156; *Reynolds v. Manhattan T. Co.* 83 Fed. 593, 601; *Central T. Co. v. R., N., I. & B. R. Co.* 68 Fed. 90; *Gardner v. Hall,* 29 Ill. 277; Phillips, Mechanics' Liens (2d ed.) § 285; 2 Jones, Liens (2d ed.) §§ 1524, 1525; 18 Ruling Case Law, 971.

It is claimed by appellants' counsel that a certain mortgage owned by the *Mariner Company* was superior to any lien which the plaintiff might have. In November, 1920, this company conveyed the lot in question to the partnership pursuant to a land contract executed in 1916. On May 6, 1921, the partnership by its agent executed a mortgage for $1,120 covering this lot to the *Mariner Company,* which was recorded July 12, 1921. The material was furnished for the building between September 9, 1920, and January 31, 1921.

It is claimed that this was a purchase-money mortgage and a prior lien to any claim of plaintiff. The *Mariner Company* introduced no proof to maintain this claim, and we are asked to presume that the mortgage was given for the purchase of the lot in question. In the absence of any such recital in the mortgage, and in view of the consider-

able lapse of time between the execution of the deed and the mortgage, the trial court could hardly indulge in any such presumption. The court found that this lien was subsequent to that of plaintiff and we concur in that decision. On this question sec. 3314, Stats., is pertinent.

At the oral argument counsel for both parties agreed that the judgment ought to be so modified as to provide for judgment for deficiency, if any, against the defendant *Frank J. Meyer* individually and as surviving member of the partnership. Respondent's counsel asked for this modification by filing exceptions and giving notice for review pursuant to sec. 3326, Stats. On the pleadings and the findings of fact it seems clear that this modification should be made.

There was much testimony as to the rights of the respective lien claimants, and the findings of the court establishing such rights were very elaborate, but no questions are before us except those which have been discussed, since the numerous other defendants have not appealed except the *Cramer Realty Company,* which became a subsequent vendee and subject to the rights of the plaintiff.

*By the Court.*—Judgment modified as indicated in the opinion, and, as so modified, affirmed.

A motion for a rehearing was denied, with $25 costs, on April 8, 1924.