Roseliep, Plaintiff, vs. Herro and wife, imp., Defendants and Respondents, and Heating and Plumbing Finance Corporation, Defendant and Appellant.

*November 12—December 8, 1931.*

The cause was submitted for the appellant on the brief of *Kaumheimer & Kaumheimer,* attorneys, and *Gifford Alt* of counsel, all of Milwaukee, and for the respondents Herro on that of *Zebulon Pheatt* of Milwaukee.

NELSON, J. The facts in this controversy are not in dispute. The question for decision is whether the court erred in holding that the Finance Corporation, by taking judgment on its note, waived the right to foreclose its lien. The court held that the entry of judgment on the note by the Finance Corporation operated as a waiver of its lien as a matter of law, although there is language in the decision of the court which indicates that the court may also have thought that the Finance Corporation, having elected its remedy by bringing action on the note, could not thereafter take the inconsistent position of asking for the foreclosure of its lien.

It has been consistently held by this court that the lien statutes of this state provide new or additional remedies supplementary to the common-law remedies and that such laws should be liberally construed for the purpose of aiding materialmen and laborers to obtain compensation for ma-

terials used and services bestowed upon the property of another enhancing its value. *Vilas v. McDonough Mfg. Co.* 91 Wis. 607, 65 N. W. 488; *Wiedenbeck-Dobelin Co. v. Mahoney,* 160 Wis. 641, 152 N. W. 479.

Sec. 289.05, Stats., provides that the "taking of a promissory note or other evidence of indebtedness for any such work, labor or materials done or furnished shall not discharge the lien therefor hereby given unless expressly received as payment therefor and so specified therein." Under this statute it is clear, from the well considered decisions of this court construing it, that the mere taking of a note or other evidence of indebtedness does not in and of itself amount to a waiver. The question of waiver is to be determined by the intention of the parties. *Phœnix Mfg. Co. v. McCormick H. M. Co.* 111 Wis. 570, 573, 87 N. W. 458; *Carl Miller L. Co. v. Meyer,* 183 Wis. 360, 365, 196 N. W. 840.

In this action no claim was made by the Herros to the effect that the giving of the note in this case was intended by the parties as a waiver of the lien. No testimony to that effect was offered or received. It is quite apparent that the giving of the note for an amount exceeding the amount due under Leitgabel's contract, which covered financing charges, so as to permit the Herros to pay it in thirty-six equal instalments, rather strongly suggests that the lien was to be preserved rather than waived. The note must have been given with the financing charges definitely in mind. With the lien waived the note of the Herros would be wholly unsecured.

While it is no doubt true that a waiver may be implied from facts and conduct of the parties inconsistent with the right to file a lien, such facts, however, must manifest an intention to waive such right. *Carl Miller L. Co. v. Meyer, supra; Davis v. La Crosse H. Asso,* 121 Wis. 579, 99 N. W. 351.

Whether the giving of a promissory note by an owner to a lien claimant, upon which judgment is thereafter entered, prevents the lien claimant from thereafter proceeding to foreclose his claim for lien, has not been decided by this court. Looking to the decisions of other courts, we find the general rule to be that a lien claimant may bring a personal action against the owner for the amount of the debt for which a lien is claimed as a cumulative remedy without waiving the right to the lien, although there are at least two states which seem to hold otherwise. An extended note upon this subject is found in 65 A. L. R. at page 313, in which a considerable number of the cases are digested. The following cases support the general rule: *West v. Flemming,* 18 Ill. 248; *Southern Surety Co. v. New York Tire Service,* 209 Iowa, 104, 227 N. W. 606; *Kirkwood v. Hoxie,* 95 Mich. 62, 54 N. W. 720; *F. M. Sibley L. Co. v. Murphy,* 243 Mich. 483, 220 N. W. 746; *Kinzel v. Joslyn,* 158 Minn. 194, 197 N. W. 217; *Erickson v. Russ,* 21 N. Dak. 208, 129 N. W. 1025, 32 L. R. A. n. s. 1072. See, also, 18 Ruling Case Law, p. 980, and 40 Corp. Jur. p. 367.

Decisions to the contrary appear to be confined to the states of Missouri and Texas. *Matthews v. Stephenson,* 172 Mo. App. 220, 157 S. W. 887; *Wycoff v. Epworth Hotel,* 146 Mo. App. 554, 125 S. W. 550; *Foster v. Spearman Equity Exchange* (Tex. Civ. App.) 266 S. W. 583. The underlying theory of the Missouri decisions is that the account on which the lien must be based merges into a judgment obtained thereon. It seems clear to us that the majority rule is the better rule, considering the remedial purposes of our lien law, and that entry of judgment on either the original indebtedness secured by a mechanic's lien or on a note given therefor without intention to waive the lien should not bar foreclosure of the lien. We conclude that no waiver or release of the lien herein resulted by virtue of the entry of judgment under the circumstances of this case.

Nor do we think that the entry of judgment on the note was an election to pursue an inconsistent remedy which prevented the Finance Corporation from foreclosing its lien. The courts generally hold, as will appear from a reading of the authorities hereinbefore cited, that the rights of a lien claimant to proceed concurrently at common law on a claim, or on a note given to evidence it, and to proceed by foreclosure of his lien, are concurrent, cumulative remedies which may be pursued concurrently. Although a party may generally have two recoveries he of course is entitled to but one satisfaction.

This court has, in matters somewhat analogous, permitted the bringing of two actions concurrently for the recovery of the same indebtedness. It has been held that a chattel mortgage may be foreclosed after entry of judgment on an indebtedness secured thereby (*J. I. Case T. M. Co. v. Johnson,* 152 Wis. 8, 139 N. W. 445; *Ex parte Logan,* 185 Ala. 525, 64 South. 570, 51 L. R. A. N. s. 1069; *Graham v. Perry,* 200 Wis. 211, 228 N. W. 135); and, prior to the adoption of the Uniform Conditional Sales Act, that judgment could be entered on an indebtedness secured by a conditional sales contract and that the security reserved could thereafter be relied on (*Hyland v. Bohn Mfg. Co.* 91 Wis. 574, 65 N. W. 369; *Wiedenbeck-Dobelin Co. v. Anderson,* 168 Wis. 212, 169 N. W. 615); and that entry of judgment on an indebtedness secured by a real-estate mortgage does not prevent subsequent foreclosure of the mortgage (*Bliss v. Weil,* 14 Wis. *36; *Witter v. Neeves,* 78 Wis. 547, 47 N. W. 938; *Duecker v. Goeres,* 104 Wis. 29, 80 N. W. 91). The only exception to both proceeding at common law on the note and also foreclosing the mortgage is that found in *Witter v. Neeves, supra,* wherein it was held that after judgment of foreclosure has been entered which provides for a deficiency judgment, no action on the note may thereafter be brought. We therefore think it clear, both on principle and on authority, that

the general rule established by the decisions of the courts of other jurisdictions permitting the foreclosure of a mechanic's lien after judgment has been entered on the account or on a note, should be followed in this state.

The respondents contend in this court, apparently for the first time, that since the note given by the Herros to Leitgabel was for an amount considerably in excess of the actual amount due Leitgabel on his contract, made up of certain financing charges, and also including an obligation on the part of the makers to pay fifteen per cent. attorney's fees if allowed by law, in case of default, the taking of the note itself, under such circumstances, should be held as a matter of law to have discharged the lien. The respondents rely on *Miller-Piehl Co. v. Mullen*, 170 Wis. 378, 174 N. W. 542. In that case a lien was filed against one acre of ground. Thereafter a note was given for the amount of the lien and also to cover some additional indebtedness owing to the lien claimant. A mortgage which covered four acres instead of the one acre theretofore covered by the lien was given to secure the note. In that case it was apparently held that the lien had been waived although that point was not necessary to the decision of the case, which involved the validity of the mortgage as a lien on the four acres. This case seems to be somewhat out of harmony with *Phœnix Mfg. Co. v. McCormick H. M. Co., supra,* and *Carl Miller L. Co. v. Meyer, supra,* both of which cases were carefully considered and in which it was declared that the intention of the parties is the crucial matter for consideration.

However, this issue which the respondents now seek to have this court decide was not in any manner raised in the court below. Under the decisions just hereinbefore cited, we think it clear that the intention of the parties as to waiver is a question of fact to be determined by the trial court.

It is well settled that this court generally refuses to consider and dispose of questions on appeal which have not

properly or in a timely manner been presented for determination by the trial court. There are, however, exceptions to such rule. *Cappon v. O'Day,* 165 Wis. 486, 162 N. W. 655; *Braasch v. Bonde,* 191 Wis. 414, 211 N. W. 281. These exceptions to the general rule, however, involve questions of law which, though not raised below, may nevertheless be raised and decided by this court on appeal. The rule seems to be equally well established that where the question raised for the first time on appeal involves factual elements not raised by the pleadings or not brought to the attention of the lower court, this court on appeal will not generally decide such questions. *Youngs v. Wegner,* 157 Wis. 489, 497, 146 N. W. 803; *Harrington v. Downing,* 166 Wis. 582, 166 N. W. 318; *In re Assignment of Milwaukee S. & W. Co.* 186 Wis. 320, 202 N. W. 693.

In this case it is very clear that the question of the intention of the parties at the time the note was given was a question of fact to be determined by the trial court. Since the question of intention of the parties was not raised in any manner in the court below or even called to the court's attention, we do not think that such question is here for determination or that, in this state of the record, we could with propriety determine such question.

Since it does appear that the note providing for instalment payments was given for the purpose of financing the Herros as to this particular claim, and since an intention to waive the lien under such circumstances could not, in all probability, reasonably be found, we do not think under the circumstances that justice requires that we send this case back for a determination of that particular issue.

*By the Court.*—Judgment reversed, with directions to enter judgment in favor of the Heating and Plumbing Finance Corporation on its claim for lien.