Stolze Lumber Company, Appellant, v. J. H. Oglesby et al., Appellees.

Opinion filed June 9, 1932.

WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

C. C. Ellison, for appellees.

Mr. Justice Edwards delivered the opinion of the court.

On May 20, 1930, John Smoot entered into a contract with J. H. Oglesby and A. D. Oglesby, contractors, to erect for him a dwelling house, for the contract price of $2,710. The house was built, and it appears that the owner paid to the contractors in the neighborhood of $220 to apply on the cost price. Appellant, as a subcontractor, furnished to the original contractors materials used in the building, to the value of $1,468.43, and on Nov. 18, 1930, served upon the owner the statutory notice of its claim. Certain other subcontractors furnished materials and labor, which went into the construction of the house, to the amount of $838.30. It does not appear that the general contractors gave to the owner any statement, under oath, as to the claims of subcontractors, nor is it shown that any of them, except appellant, served the owner with the required notice of claim.

The owner negotiated with appellee, Home Building & Loan Association, to secure a loan on the premises, and it was agreed that such a loan, in the sum of $1,500, would be made, to be secured by a first mortgage. The papers therefor were executed, but the consummation of the deal was held up pending a conference of the interested parties.

On December 23, 1930, a meeting was held at the office of appellee, Home Building & Loan Association, between J. H. Oglesby, Smoot, the owner, R. P. Harris, secretary of said appellee, and Alvin A. Stolze, secretary of appellant. It was then agreed by said parties that the appellee was to perfect its loan to Smoot, in the sum of $1,500, and to have a first mortgage on the premises securing same; that of the proceeds of such loan, $100 was to be paid to the general contractors,

$610.80 to appellant, and the balance to the other sub-contractors in full of their claims; that the general contractors should take from the owner and his wife, an ordinary promissory note in the sum of $926.80, without mortgage security, and that appellant was to have a note for the balance due it, or $857.63, secured by a second mortgage upon said property. It was understood and agreed by the parties that the Building & Loan Association was not to disburse any of the $1,500 until all the papers agreed to had been properly executed.

On the same day, J. H. Oglesby left the conference and in violation of the agreement procured from the owner a judgment note for $926.80, secured by a mortgage on the house and lot, which he at once filed for record. He then went to the office of appellee association, exhibited the note, and Harris thereupon mailed to appellant a check for $610.80, and to the other subcontractors checks in full of their claims. Harris testified that when Oglesby came to the office, he called Stolze by telephone, and in the presence and hearing of both Oglesby and William Peek, who was present at the time, requested permission to complete the transaction. He further stated that Stolze replied to the effect that if Oglesby had taken a note from Smoot, of the kind agreed upon, it would be satisfactory. Stolze denies that such conversation occurred. Both Oglesby and Peek say that Harris, while they were present, did not call up Stolze, as he claimed.

We think the weight of the evidence establishes the fact that Harris did not telephone Stolze, and that the latter did not know of the matter until the following day, when the check was received through the mail; whereupon Stolze telephoned Harris, expressing surprise, and stating that if investigation found the Oglesby note was in accord with the agreement, it would be satisfactory, otherwise it would not be ratified.

Stolze then took a note and mortgage from Smoot and wife, with the express understanding that if the Oglesby note was in conformity with the contract, the note and mortgage would be retained; otherwise returned to them. He then investigated, found that Oglesby had taken a judgment note, in violation of his agreement, same secured by a mortgage which he filed for record, and had assigned the note to his mother-in-law. Upon learning these facts, he returned the note and mortgage to Smoot, and the check to the appellee, Building & Loan Association.

Appellant filed its bill to foreclose its lien; the appellee association answered the bill, denying the right to a lien, setting forth the above-mentioned agreement, and averring that as a consequence it was entitled to a first lien upon the premises. The appellee also filed its cross-bill, alleging substantially as in its answer, and in addition, that its mortgage created a lien superior to that of the mortgage obtained by Oglesby from Smoot. Appellant answered the cross-bill, denying that the lien of either mortgage was prior to that of its mechanic's lien.

After reference to a master, and a hearing before the court upon the master's report, the chancellor sustained exceptions filed thereto, and entered a decree which found that the appellee's mortgage was a first lien upon the premises, that the lien of appellant was junior to that of appellee, and that the Oglesby mortgage was a third lien upon the house and lot; further decreeing a sale of the property, and disbursement of the proceeds, after payment of costs, in accord with the rights of the parties as found by said decree.

The appellee, Building & Loan Association, takes the ground that appellant waived its claim to a lien, as against it. It is conceded that the agreement above referred to was entered into by the parties. At that time appellant manifestly had perfected its lien, which

it was in position to enforce, and it only agreed to relinquish same upon the performance, by the other parties, of acts by them to be severally kept and performed.

An agreement by one who has a mechanic's lien, to relinquish same, when certain conditions or terms are fulfilled, will not impair the lien, nor amount to a waiver of same, if the conditions or terms are broken or not performed. *Gardner v. Hall,* 29 Ill. 277; *McMurray v. Brown,* 91 U. S. 257; *Miller Lumber Co. v. Meyer,* 183 Wis. 360, 196 N. W. 840; *Baumhoff v. St. Louis & K. R. Co.,* 171 Mo. 120, 71 S. W. 156. The conditions under which appellant agreed to waive its lien were not kept; on the contrary, were broken; hence under the rule as stated, its lien was not waived or destroyed.

It is further urged that even though the waiver were not proven, still the decree does full equity as between the parties. The argument is made that numerous other subcontractors held claims; that if they were enforced, appellant, being required to pro rate with them out of the proceeds of sale of the premises, would be in little better position than as ordered by the decree. As previously observed, the record is devoid of any evidence that the general contractors had furnished the owner with a sworn statement as to materialmen and laborers having claims. There is no testimony that any subcontractors, except appellant, had served notice of claims upon the owner. Unless such sworn statement is thus made, or such notice is served, the party having such claim does not acquire a lien. *Liese v. Hentze,* 326 Ill. 633.

Upon this record, as made, it does not appear other than that appellant was the only subcontractor who had, or was in position to enforce, a lien. It cannot well be said, in such situation, that the decree has not altered appellant's position to its prejudice.

In our opinion the proof establishes that appellee association paid the claims of the other subcontractors before the terms of the agreement were fulfilled, and without the permission of appellant. Its conduct in making such payments was not warranted, and it must bear the consequences of its voluntary unauthorized acts.

The court erred in holding that appellant's lien was subordinate to that created by the mortgage of appellee, Home Building & Loan Association. The decree is reversed and the cause remanded with directions to enter a decree in accord with the views herein expressed.

*Reversed and remanded with directions.*