Action commenced by City Lumber Supply Company, a Wisconsin corporation, plaintiff, against Edmee B. Fisher and Glenn Fisher, defendants, to foreclose a mechanic's lien filed September 23, 1948, in the sum of $9,256.19. Default judgment of foreclosure was entered March 21, 1949, providing for immediate sale of the property. Defendants made application to amend the judgment to provide for one-year redemption period, and on May 18, 1949, an order was entered denying the application. August 9, 1949, an order confirming the sheriff's sale under the judgment was entered. Defendants appeal from the judgment, the order denying their application to amend the judgment, and the order confirming sale.
The facts in this case are not in dispute. The appellants raise a question of law. They contend that the lien given to a contractor or materialman is like a mortgage and that the judgment should contain a provision for the same period of redemption as is provided in the foreclosure of mortgages. To sustain this contention they first cite the case of Dean v. Pyncheon, 3 Pin. 17. That case arose under the lien law of 1842. The decision in that case referred to the territorial statute of 1839 which provided specifically that the lien, when perfected, became in effect a mortgage. The statute of 1842 provided that sales to satisfy the lien must be made under an execution issued upon the judgment rendered in the action and that the debtor had the same period of redemption following the sale as the statutes then provided in the case of any sale of real estate upon execution. That continued to be the law until 1878, when sec. 3326, Stats., was amended to provide that sales thereunder "shall be absolute and without redemption." That provision is still contained in sec. 289.14 (1).
The appellants next call attention to the provision of sec.289.09, Stats., which was amended in 1935. Prior to the 1935 amendment that section read as follows:
"Any person having so filed such claim for a lien may foreclose the same by action in the circuit court or any county court having jurisdiction thereof. All persons having filed such claims for liens for work done or materials furnished in the cases mentioned in sections 289.01 and 289.02 may join as plaintiffs; and if any do not so join or refuse to so join they may be made parties defendant. All persons having liens upon the premises by mortgage, judgment or otherwise, subsequent to the lien sought to be foreclosed, and all purchasers of the premises subsequent to such lien may be joined as parties defendant. In case any person who has filed such claim for lien prior to the commencement of such action, or who has such subsequent lien, or who is such subsequent purchaser, is not made a party to such action he may, upon application at any time before judgment, be made a party defendant *Page 405 
thereto, and any person who shall file such claim for lien after the commencement of such action or who shall obtain such subsequent lien by mortgage, judgment or otherwise, or become such subsequent purchaser after the filing of the notice of the pendency of such action, may, at any time before judgment, upon application, be made a party defendant thereto. If such action be brought by a subcontractor the principal contractor may also be made a party defendant thereto. When the place of trial is changed all subsequent proceedings, including the bringing in of new parties, shall be had in the county to which such change is made."
Following the amendment by the 1935 legislature, sec.289.09, Stats., reads as follows:
"In the foreclosure of liens mentioned in sections 289.01
and 289.02, the provisions of chapter 278 for the foreclosure of real-estate mortgages shall control as far as applicable unless otherwise provided in this chapter. All persons having filed claims for liens in the cases mentioned in said sections may join as plaintiffs; and if any do not join they may be made defendants. All persons having liens subsequent to the lien sought to be foreclosed, and all purchasers of the premises subsequent to such lien may be joined as defendants. In case any person who is a proper party is not a party to such action he may, at any time before judgment, be made a defendant, and any person who after the commencement of such action shall obtain a lien or become a purchaser, may, at any time before judgment, be made a defendant."
The appellants contend that the amendment adopted by reference that part of ch. 278, Stats., providing for a period of redemption. The legislative history of this amendment shows that the change was recommended by the statutory committee on rules of pleading, practice, and procedure, and was contained in Senate Bill No. 75, which was introduced as a revisor's bill. This bill was enacted and became ch. 483, Laws of 1935. Sec. 289.09 of the 1933 statutes was a procedural statute. The amendment was for the purpose of shortening and simplifying the procedure and it was not intended to change the substantive law. It must be construed *Page 406 
under the provisions of sec. 370.01 (49), which reads as follows:
"A revised statute is to be understood in the same sense as the original unless the change in language indicates a different meaning so clearly as to preclude judicial construction. And where the revision bill contains a note which says that the meaning of the statute to which the note relates is not changed by the revision, the note is indicative of the legislative intent."
It is clear, therefore, that the amendment referred to did not of itself provide for a period of redemption in the foreclosure of mechanics' liens. The general rule, as stated in 57 C.J.S., Mechanics' Liens, p. 1030, sec. 347, is as follows:
"Except where the parties agree thereto, there is generally no right of redemption from a sale in proceedings to enforce a mechanic's lien unless such right is conferred or created by statute."
No such provision can be found in ch. 289, Stats. The purpose of that chapter is to provide protection for persons who improve the property of others by furnishing materials or labor thereon. This court has consistently held that its provisions should be liberally construed to carry out this purpose. The following quotation from Herro v. Heating Plumbing F. Corp. 206 Wis. 256, 259, 239 N.W. 413, is an illustration:
"It has been consistently held by this court that the lien statutes of this state provide new or additional remedies supplementary to the common-law remedies and that such laws should be liberally construed for the purpose of aiding materialmen and laborers to obtain compensation for materials used and services bestowed upon the property of another enhancing its value. Vilas v. McDonough Mfg. Co. 91 Wis. 607,65 N.W. 488; Wiedenbeck-Dobelin Co. v. Mahoney,160 Wis. 641, 152 N.W. 479."
The relationship between a mortgagee and a mortgagor is far different than the relationship between a lien claimant and a property owner. Ordinarily the mortgagee voluntarily *Page 407 
loans his money to the mortgagor for the purpose of collecting interest thereon and thus making a return on his investment. The terms are mutually agreed upon and are evidenced by a note and mortgage in writing. The lien claimant furnishes materials or labor upon the understanding that he will be paid therefor within a reasonably short time. Ch. 289, Stats., was passed for the purpose of properly protecting the rights of all parties to the transaction, but particularly to provide for the protection of persons furnishing materials and labor upon the property of another at his request. No period of redemption such as is claimed here was contemplated, nor is it provided for under our lien laws.
By the Court. — The judgment and two orders appealed from are affirmed.