MOORE, Respondent, vs. BLACKMAN, Appellant.

*February 26 — March 19, 1901.*

*Limitation of actions: Open account: Independent transactions: Married women: Separate property: New promise: Account stated: Findings.*

1. Defendant was a married woman living upon a farm of her own, operated for her by her husband, who supported the family. Prior to 1888 she purchased goods of plaintiff upon open account, which was never settled. In 1894 the husband purchased seed of plaintiff which he paid for in a few days, the seed, however, being charged to defendant and the amount paid credited upon the account as cash. During the interval the husband had purchased barbed

Moore vs. Blackman.

wire, giving therefor his notes, which were afterwards paid. Both the wire and the seed were used upon the farm. *Held*, that each of the later purchases was an independent transaction which could not be tacked to the old account so as to avoid the bar of the statute of limitations.

2. A finding that on a certain date more than six years after the last item in an open account the creditor delivered to the debtor a copy of the account, and she agreed to pay it, and did not object to any item thereof, does not show that the case was taken out of the operation of the statute of limitations, under the provision of sec. 4243, S. & B. Ann. Stats., that no acknowledgment or promise shall be sufficient for that purpose unless in writing, signed by the debtor.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This is an action to recover the balance due upon an account for merchandise sold defendant between December 21, 1885, and April 23, 1894. The answer sets up that the defendant was and is a married woman, that she has never been engaged in any separate business of her own, and that the articles set forth in the account were for the use of her husband and other members of her family, and were not necessary to the use and enjoyment of her separate estate. There was also an allegation of payment, and a plea of the statute of limitations. The case was tried by a referee, who made findings for plaintiff. Exceptions were duly filed, and the matter was brought before the court on motions to set aside and confirm such report. The court confirmed the referee's report, and ordered judgment for plaintiff. The defendant appeals from such judgment.

*F. R. Bentley*, for the appellant.

*Herman Grotophorst*, for the respondent, contended, *inter alia*, that the account left with defendant and kept by her without objection to any item thereof became an account stated, even if defendant did not promise to pay it; and therefore the statute of limitations is not in the case at all.

1 Am. & Eng. Ency. of Law (2d ed.), 448; *Engfer v. Roemer*, 71 Wis. 11; *Wiggins v. Burkham*, 10 Wall. 129; *Oil Co. v. Van Etten*, 107 U. S. 325; *Missouri Pacific R. Co. v. Palmer*, 55 Neb. 559; *Jugla v. Trouttet*, 120 N. Y. 21; *Knickerbocker v. Gould*, 115 N. Y. 533.

BARDEEN, J. For the purposes of this appeal, we shall assume that the account sued upon was one properly chargeable to the defendant, and that it was a mutual and open account current until the transactions in 1894 hereinafter to be mentioned. It commenced in 1885, and ran along from month to month until September 12, 1888. From that date until April 23, 1894, there were neither items of debit nor credit. In the meantime plaintiff sold out his store business, and set himself up as a dealer in grain, seeds, etc. On the date last mentioned, Mr. Blackman, defendant's husband, purchased of plaintiff a quantity of clover and timothy seed, amounting to $20.14, which was entered on this account as "cash." It appears that *Mrs. Blackman* had not been in the store since 1885; that she had never given any orders to plaintiff to sell goods to her husband or to any other person. Mr. Blackman testified that he purchased the seed in question, and gave a note for thirty days, and when he got his pension money, about three weeks afterwards, he took up the note. The plaintiff denied that any note was given, but admits that on May 21st, thereafter, Blackman paid him for the seed, and canceled that part of his claim. He also admits that after the close of the general account in 1888, and before the date of the said transaction in 1894, he sold Blackman fence wire, and took notes from him, which were afterwards paid. It appears that *Mrs. Blackman* owned the farm on which the parties lived, and that the farm was operated by Mr. Blackman, who supported the family. The theory of the referee seemed to be that, because the wire and seed purchased by Mr. Blackman were used on defendant's farm,

these transactions might be tacked to the original account, and thus avoid the bar of the statute of limitations. As regards the purchase of the wire, the plaintiff testified: "I had no charge against her. I knew there was no liability on her part." The evidence conclusively showed that the seed transaction was one by itself, wholly disconnected with the old account, and was between plaintiff and Mr. Blackman. It was virtually a cash transaction, and could not be tacked to the old account so as to rejuvenate it.

The plaintiff argues that the statute of limitations is not in the case, because the referee found that about July 1, 1897, plaintiff called upon defendant, delivered to her a copy of the account, and she agreed to pay it, and did not object to any item thereof. The only testimony in the record regarding this transaction that we are able to find is that of plaintiff, as follows: "I was at *Mrs. Blackman's* place some time in July, 1897, for a settlement. She did not give me any written statement or promise or acknowledgment at this time. I went there for it, but she did not give it to me." The defendant states specifically that she never promised to pay the account, but always refused to have anything to do with it. It being considered that the account sued upon outlawed six years from the date of the last item, the acknowledgment or promise to take the case out of the statute must be within the rules laid down by this court in *Pierce v. Seymour*, 52 Wis. 272, and the statute (sec. 4243, S. & B. Ann. Stats.). Neither the findings nor the evidence brings the case within these requirements.

*By the Court.*— The judgment is reversed, and the cause is remanded with directions to enter judgment for the defendant.