Usiak and wife, Appellants, vs. Kubiak, Respondent.

*April 2—April 30, 1929.*

For the appellants there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Albert S. Larson* of Shawano.

*Sol. P. Huntington* of Green Bay, for the respondent.

ESCHWEILER, J.   This court has uniformly held that the statutes giving liens of this nature are highly favored.   *Carl Miller L. Co. v. Meyer,* 183 Wis. 360, 367, 196 N. W. 840.

The material part of the section of the statute here involved is as follows:

"Section 289.06 (1). No lien hereby given shall exist and no action to enforce the same shall be maintained unless . . . within six months . . . from the date of the last charge for performing such work and labor or of the furnishing of such materials a claim for such lien shall be filed as," etc.

Appellant contends that under this statute materials furnished as was the one item of September 29, 1926, referred to above and paid for in cash at the time, are not within the statute.   Also that the word "charge" as there found must relate to an item for which credit has been extended in order that it may be considered within the purport of the statute.

The earlier statutory provision, sec. 4, ch. 153, R. S. 1858, provided: "No such debt for work and material shall remain a lien upon . . . longer than one year from the time of furnishing of materials or the performance of the labor, unless a petition or claim for the same be filed . . . within the said year." There was added to this sec. 4 by ch. 113, Laws of 1859, the following: "such petition or claim shall be filed . . . within ninety days from the date of the last charge for work, and labor performed, or materials furnished."

In a case decided in 1861, *Fowler v. Bailley,* 14 Wis. 125, passing upon a state of facts existing prior to the said amendment in 1859, it was held that the petitioner was in time if he filed within one year from the time of the last act done in execution of the contract (p. 131). We cannot believe that the words added by the amendment of 1859, *supra,* containing the word "charge," upon which so much reliance is placed by appellants, was intended to materially alter or affect the rights of lien claimants other than to limit the time within which they must elect to proceed for their remedy. We feel that since that amendment as well as before, the essence of the statute is to consider performance rather than the mere question of bookkeeping entries, and that the payment of one only of many items all furnished under one building arrangement, as in this case, should not destroy the right to obtain the benefit of such a statutory remedy. The word "charge" does not necessarily mean, and we shall not here construe it to mean, a transaction involving or a bookkeeping entry belonging to but one side of an account. The primary use of the word is undoubtedly one meaning the creation of or recognition of an obligation (*Merchants Exch. Nat. Bank v. Commercial W. Co.* 49 N. Y. 635, 639), as illustrated when we submit to a charge for service by a railroad though we may be required to discharge the obligation thereunder by forthwith payment.

We prefer to rest this case upon the conclusion that the word "charge" as found in the statute is not intended to narrow the rights of the lien claimants, or to limit it to its meaning in bookkeeping parlance, or the still more limited one asserted by appellants, viz. that it must be a charge unaccompanied by a corresponding contemporaneous discharge by payment.

No question is being raised in this case but that the articles furnished in September were pursuant to the original arrangement and were actually used in the building.

It is also manifest that there was no break in the continuity of performance under this contract so as to make the later transaction a new and independent contract. *Fischer v. Meiroff*, 192 Wis. 482, 213 N. W. 283; *Taylor v. Dall L. & Z. Co.* 131 Wis. 348, 358, 111 N. W. 490; *Hutchins v. Bautch*, 123 Wis. 394, 397, 101 N. W. 671; *Ypsilanti L. & C. Co. v. Leslie*, 218 Mich. 664, 188 N. W. 395; *Sandusky G. Co. v. Borden's C. M. Co.* 214 Mich. 306, 183 N. W. 218, 224.

The conclusion reached by the trial court must be affirmed.

*By the Court.*—Judgment affirmed.

OWEN, J. (*dissenting*). It appears from the evidence that between August 25, 1924, and January 24, 1925, the defendant furnished and delivered to plaintiffs from his lumber yard various quantities of lumber which was used by the plaintiffs in repairing a dwelling. This lumber was furnished on credit. There were no further purchases until October 5, 1925, when a single item of small amount was purchased. On March 24th, April 24th, and September 29th, all in 1926, small amounts were purchased, all of which were paid for in cash. The lumber purchased and paid for on the last mentioned dates was also used in the repair of the dwelling. On March 28, 1927, a claim for lien was filed. This claim for lien was not filed in time under the

statute unless the cash transaction of September 29, 1926, be regarded as the last charge for furnishing such material.

The purpose of the mechanics' lien statutes is to afford security to contractors, laborers, and materialmen for credit extended. In my judgment, cash transactions do not come within the purview of such statutes. None of the lumber was furnished pursuant to a general agreement or understanding that the defendant would furnish to the plaintiffs lumber necessary to complete the repairs on their dwelling. Each purchase of lumber, therefore, was an independent transaction.

The last credit extended by the defendant to the plaintiffs was under date of October 5, 1925. This was more than nine months after the last preceding credit of January 24, 1925. Conceding that this revived the lien for all preceding credits, I cannot believe that the cash transactions of March, April, and September, 1926, constituted a further revival. Those being independent transactions, in no way connected with or related to the past credit transactions, could have no influence in the way of extending the time within which the claim for lien must be filed. It is a general rule that a cash transaction cannot be tacked to an open account so as to rejuvenate it to prevent the running of the statute of limitations *Moore v. Blackman,* 109 Wis. 528, 85 N. W. 429. It seems equally plain that a cash transaction does not give rise to a "charge" within the meaning of the mechanics' lien statutes, which are concerned only with credit transactions. I therefore conclude that the claim for the filing of the lien in this case was too late.

I am authorized to state that Mr. Justice CROWNHART concurs in these views.