Hunzinger Construction Company,
Plaintiff-Respondent,

v.

SCS of Wisconsin, Inc.,
Defendant-Third-Party Plaintiff-Appellant,

DEMCO Wisconsin 4, LLC, d/b/a The Demattia
Group, Third-Party Defendant-Respondent,

St. Paul Fire & Marine Insurance Company,
United States Fidelity & Guaranty Company,
John C. Hunzinger, and John Doe,
Third-Party Defendants.

Court of Appeals

*No. 04–0657. Submitted on briefs January 20, 2005.—Decided
February 23, 2005.*

2005 WI App 47

(Also reported in 694 N.W.2d 487.)

230

231

On behalf of the defendant-third-party plaintiff-appellant, the cause was submitted on the briefs of *John E. Machulak* and *Susan R. Robertson* of *Machulak, Robertson & Sodos, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Edward A. Hannan* and *Brad A. Markvart* of *Hannan & Associates, LLC*, Brookfield.

On behalf of the third-party defendant-respondent, the cause was submitted on the brief of *Paul R. Erickson* of *Gutglass, Erickson, Bonville, Seibel & Falkner, S.C.*, Milwaukee.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. ANDERSON, P.J.   The sole issue before us is whether Demco Wisconsin 4, LLC, d/b/a The Demattia Group, as property owner, is entitled to dismissal from a lien foreclosure action initiated by SCS of Wisconsin, Inc. We hold that because the property was released from the lien by the bond issued by St. Paul Fire & Marine Insurance Company and United States Fidelity & Guaranty Company pursuant to WIS. STAT. § 779.08 (2003–04)[1] and no personal judgment can otherwise be rendered against Demco, the trial court properly dismissed Demco from the case. We affirm.

## FACTS

¶ 2.   In June 2001, Demco hired Hunzinger Construction Company, a general contractor, to do extensive remodeling work on a building it owned in Milwaukee. Hunzinger in turn subcontracted with SCS to do demolition work at the site. A dispute arose between Hunzinger and SCS regarding payment for the work performed. In March 2002, SCS filed a construction lien claim pursuant to WIS. STAT. ch. 779 in the amount of $66,266, the total amount due for the work performed, against Demco's property. In April, Hunzinger filed a "Mechanics Lien-Bond to Discharge" issued by St. Paul and USF&G. As required by WIS. STAT. § 779.08, the bond had a penal sum of $82,833 or 125% of the amount

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

of SCS' construction lien claim. The bond stated in part, "the condition of this obligation is such that if . . . Hunzinger . . . shall . . . pay any and all judgments which may be rendered against the said property in favor of the aforesaid lienor . . . in any action or proceeding to enforce said lien, then this obligation shall be void."

¶ 3. In September, Hunzinger filed this suit, claiming that it was entitled to offset any damages caused by one of SCS' subcontractors against the amount it owed SCS under the parties' contract. SCS filed a counterclaim for the $66,266 principal balance on the contract.[2] SCS also initiated a third-party action against Demco to foreclose its construction lien claim against its building. In January 2003, SCS filed an amended third-party complaint joining St. Paul and USF&G as third-party defendants under the bond issued to Hunzinger and Demco. In their answer, St. Paul and USF&G admitted that Hunzinger obtained and filed the bond to discharge SCS' lien and stated: "St. Paul/USF&G, as sureties, have assumed and accepted the obligations expressed in the written bond." They also set forth the following affirmative defense:

> Any obligation on the part of St. Paul Fire & Marine Insurance Company and United States Fidelity and Guaranty Company to SCS, if any, is subject to, and limited by, all terms, conditions and provisions of the bond attached to the amended third-party complaint as Exhibit 1, including the bond's penal sum, $82,833.00.

¶ 4. In November, SCS moved for partial summary judgment, seeking the balance due on its subcon-

---

[2] SCS also alleged other claims against Hunzinger that we need not list here.

tract with Hunzinger. Hunzinger, St. Paul and USF&G filed a motion in opposition, arguing that they were entitled to partial summary judgment on Hunzinger's breach of contract claim and requesting dismissal of the third-party complaint against Demco. Subsequently, Demco filed its own motion to dismiss SCS' third-party complaint.

¶ 5. Following briefing and oral arguments, the trial court issued an order denying the cross-motions for partial summary judgment of SCS and Hunzinger, but granting Demco's motion to dismiss. The court's order read, in part:

> 3. The relief requested by Demco Wisconsin 4, LLC d/b/a The DeMattia Group, third-party defendant is granted as follows:
>
> > a. By agreement of the parties the Clerk of Courts shall satisfy the lien filed by SCS of Wisconsin, Inc. on the property owned by Demco Wisconsin 4, LLC, however, pursuant to [Wis. Stat.] § 779.08(4) such lien shall attach to the bond filed by Hunzinger Construction Company, issued by St. Paul Fire & Marine Insurance Co. instead.
> >
> > b. The third-party complaint filed by SCS of Wisconsin, Inc. as to Demco Wisconsin 4, LLC is hereby dismissed without prejudice and the lis pendens shall be discharged.

SCS appeals from the portion of the order dismissing its third-party complaint against Demco.

### STANDARD OF REVIEW

■

¶ 6. We review the trial court's ruling on a motion to dismiss and motion for summary judgment de novo.

*See Eternalist Found., Inc. v. City of Platteville*, 225 Wis. 2d 759, 769–70, 593 N.W.2d 84 (Ct. App. 1999). This case also presents us with an opportunity to construe and apply WIS. STAT. § 779.08. Questions of statutory construction or the application of a statute to undisputed facts are questions of law on which we do not defer to the circuit court. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315 (Ct. App. 1997). When we interpret and apply statutes, our aim is to discern the intent of the legislature, and we look first to the language of the statute. *McEvoy v. Group Health Coop. of Eau Claire*, 213 Wis. 2d 507, 528, 570 N.W.2d 397 (1997). If the language clearly and unambiguously sets forth the legislative intent, we apply that language to the facts at hand. *Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 365, 597 N.W.2d 687 (1999).

## DISCUSSION

■

¶ 7. SCS challenges the trial court's determination that Demco was entitled to dismissal under WIS. STAT. § 779.08 on two grounds. SCS maintains that Demco is still a party to the foreclosure action because subsec. (4) of the statute provides that after the security bond is furnished, the foreclosure action "shall proceed as if no security had been furnished." Sec. 779.08(4). Next, SCS complains that by its terms, the bond in this case contemplates a precondition to liability of the sureties that a court has rendered a judgment against the liened property in favor of SCS. SCS argues this cannot happen if the trial court's dismissal of SCS' third-party action against Demco is allowed to stand. SCS misunderstands the nature of its lien foreclosure action against Demco and the release bond procedure set forth in § 779.08.

236

¶ 8. The construction lien laws of Chapter 779 of the Wisconsin Statutes provide rights and remedies to construction subcontractors and material suppliers. A general purpose of these laws is to ensure the payment of construction project subcontractors and material suppliers. *See Kraemer Bros., Inc. v. Pulaski State Bank,* 138 Wis. 2d 395, 399–400, 406 N.W.2d 379 (1987). The legislative intent of the construction lien laws is "to protect the claims of [tradespersons], laborers and [material suppliers] for work or materials provided in the improvement of real property." *R. Fredrick Redi-Mix, Inc. v. Thomson,* 96 Wis. 2d 715, 726, 292 N.W.2d 648 (1980), *modified on other grounds,* 96 Wis. 2d 715, 729a, 293 N.W.2d 528 (1980). To this end, a subcontractor or supplier may file a construction lien on the property on which it has performed the work. *See* WIS. STAT. § 779.01. "A construction lien is a remedy created by statute to insure payment to contractors, subcontractors, [tradespersons], laborers and [material suppliers] who have furnished labor or materials in good faith for the improvement of another's property." *Daughtry v. MPC Sys., Inc.,* 2004 WI App 70, ¶ 68, 272 Wis. 2d 260, 679 N.W.2d 808 (quoting *Mortgage Assocs., Inc. v. Monona Shores, Inc.,* 47 Wis. 2d 171, 186–87, 177 N.W.2d 340 (1970)). The procedure for an action to foreclose on a construction lien can also be found in WIS. STAT. ch. 779.

¶ 9. WISCONSIN STAT. § 779.08 is entitled "Release of lien; undertaking." Pursuant to § 779.08(1) and (2) an "interested party," such as a general contractor, may file with the clerk of courts a bond to discharge the lien on the property having a penal sum equal to 125% of

the lien claim.[3] Once the bond is properly filed and deposited, § 779.08(4), provides:

> Any action brought after the furnishing of security or pending at the time of the furnishing thereof in accordance with this section *shall proceed as if no security had been furnished,* except that after the time within which exceptions may be taken to the security, or pursuant to order of the court upon any exception so taken, the clerk shall satisfy the claim for lien of record and discharge any lis pendens filed, and except that *the lien thereupon shall attach to the security and the amount adjudged due in the proceeding for foreclosure thereof shall be satisfied out of the security, and the property described in the lien claim shall thenceforth be*

---

[3] WISCONSIN STAT. § 779.08(1) and (2) provide:

(1) The person against whom a lien is claimed or any other interested party may file with the clerk of court in whose office the claim for lien is filed an undertaking executed by 2 or more sufficient sureties to the effect that the person against whom the lien is claimed shall pay the amount of the claim and all costs and damages which may be awarded against that person on account of the lien or in lieu thereof deposit with the clerk of the court a sum of money, certified check or negotiable government bonds in par value equal to 125% of the claim for lien. The court in which any action to foreclose the lien may be brought shall determine any question of sufficiency of the sureties if exception is taken thereto by the lien claimant within 10 days after notice of the filing of such undertaking or deposit of other security and may upon notice and upon motion of any party, order any sum of money deposited to be invested. The depositor shall be entitled to any income from the investments, certified check or negotiable U.S. government bonds deposited and the clerk shall pay the income to the depositor without order when received or, in the case of coupons, as the income becomes due.

(2) If an undertaking is furnished, it shall be accompanied by the affidavits of the sureties in which each states that the surety is worth, over and above all debts and liabilities in property within this state not exempt from execution, an amount in the aggregate equal to 125% or more of the amount of the claim for lien.

238

*entirely free of the lien and shall in no way be involved in subsequent proceedings.* (Emphases added.)

¶ 10.    While the statute plainly states that the lien foreclosure action shall continue as if the interested parties had not furnished a release bond, this does not mean, as SCS contends, that the owner of the property subject to the lien must remain a party to the action. First, the language SCS cites in support of its argument cannot be read in isolation. When read in its entirety, the statute expressly provides that if a bond is properly filed and deposited and the lien claimant does not take exception to the bond within the allowed time, the lien attaches to the security bond, the amount adjudged due in the foreclosure proceeding is satisfied out of the security bond and "the property described in the lien claim shall thenceforth be *entirely free of the lien and shall in no way be involved in subsequent proceedings.*" Wis. Stat. § 779.08(4) (emphasis added).

¶ 11.    By its plain language, the patent purpose of the release bond procedure found in Wis. Stat. § 779.08 is to allow a property owner whose property is the subject of a construction lien or a general contractor, acting on the owner's behalf, to substitute a bond for the property. It provides a means by which, before a final determination of the lien claimant's rights and without prejudice to those rights, the property may be freed of the lien, so that it may be sold, developed or used as security for a loan. The procedure thus protects both the property owner by allowing the bond to substitute for the land as the object to which the lien attaches and the claimant by providing an alternate source of recovery on the claim of lien.

239

¶ 12.   Furthermore, a construction lien is a matter in rem and not in personam. 53 AM. JUR. 2D *Mechanics' Liens* § 3 (1996). Absent a contractual relationship between the lienor and the property owner, a personal judgment against the property owner cannot be maintained. *See Ponti v. Eckels*, 129 Wis. 26, 28, 108 N.W. 62 (1906) (holding that personal judgment against the property owner was erroneous as "[t]here is no pretense either in allegation or proof of any privity between the owner and the subcontractors, or of any promise by the former to pay the latter, from which could result personal liability"); *see also* 53 AM. JUR. 2D *Mechanics' Liens* §§ 447–48 (1996).

¶ 13.   Because the effect of the release bond procedure is to free the real property from the effect of the claim and lien and any action brought to foreclose such a lien and because a lien foreclosure action is an in rem proceeding, unless personal judgment can otherwise be rendered against the property owner, the owner of the liened property is entitled to a judgment of dismissal from the foreclosure action. The action may then proceed against other defendants against whom a personal judgment might be rendered, such as the general contractor, the bond principals and the sureties.[4]

¶ 14.   Here, SCS was a subcontractor under contract with Hunzinger. Neither party asserts, and we are not able to find any evidence in the record, that a contractual relationship existed between Demco and

---

[4] It is important to note that in this case the landowner was not named as a principal on the release bond. Our decision does not speak to the question of whether a property owner who is also a principal on the bond is entitled to a dismissal from the lien foreclosure action.

SCS. After SCS properly filed a construction lien against Demco's property, Hunzinger filed with the clerk of courts a bond issued by St. Paul and USF&G in the amount of $82,833, or 125% of the $66,266 lien claim. SCS did not lodge any exception to the bond Hunzinger procured and filed. The parties subsequently agreed, in accordance with Wɪs. Stat. § 779.08(4), that the clerk of courts would satisfy the lien and the lien would then attach to the security bond filed by Hunzinger and issued by St. Paul and USF&G. By operation of the statute, the bond substituted for Demco's property as the object to which the lien attaches. Since Demco's property is free from the lien and since no personal judgment can be rendered against Demco, it was proper for the trial court to dismiss Demco and allow the action to proceed against the other defendants.

¶ 15. As a final matter, we briefly address SCS' claim that the bond, "[b]y its own terms," contemplates as a precondition to liability of St. Paul and USF&G that a "judgment [] . . . be rendered" specifically against Demco's property in favor of SCS, which according to SCS cannot happen if Demco is not a party to the action. SCS reminds us that St. Paul and USF&G's affirmative defense included the proviso that its liability was conditioned on the terms of the bond. Frankly, we are mystified by SCS' logic. By its own terms, the bond does not contemplate a judgment against Demco personally; rather, it envisions a judgment against Demco's property. As explained, this action is in rem, not in personam, and when the bond was recorded and court order issued, the bond obligations of both the principal and surety were substituted for the property as the object to which the construction lien attached. Thus, despite SCS' protests to the contrary, it is not left

without remedy. As envisioned by the bond and the statute, the action will proceed on the bond against the remaining parties who might be held liable—Hunzinger, the general contractor and bond principal, and St. Paul and USF&G, the sureties.

*By the Court.*—Order affirmed.